IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL A. LUNA, | ) | |
| Petitioner, | ) | Civil Action No. 15-250 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ERIE COUNTY COURT OF COMMON | ) | |
| PLEAS, et al., | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

Pending before the Court is Michael A. Luna's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 8]. The amended petition has not been served yet but this Court may dismiss it because Luna, who was challenging pre-trial detention that was the result of a criminal case pending against him in the Court of Common Pleas of Erie County, was recently found not guilty on all charges filed against him in that case. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases (which is applicable to § 2241 cases). Therefore, it is recommended that the amended petition be summarily dismissed as moot, that a certificate of appealability be denied, and that this case be closed.

**II.     REPORT**

     **A.     Background**

In 2015, Luna was charged in the Court of Common Pleas of Erie County with numerous drug related offenses in a case at Criminal Docket Number CP-25-CR-2004-2015. Now pending before this Court is his amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which he filed on February 12, 2016. In the amended petition, Luna, who had not yet been tried on his charges,

1

challenged the Commonwealth's authority to detain him. As relief, he sought an order from this Court directing that he be released from prison. He also sought money damages of $1,000.00 a day for each day he had been incarcerated.

The docket sheet[1] for Luna's state criminal case establishes that his criminal trial was held on March 23, 2016. Importantly, Luna was found **not guilty** of all offenses. Therefore, since he was acquitted, he is no longer in custody related to the offenses at Criminal Docket Number CP-25-CR-2004-2015. On April 4, 2016, he filed notice with this Court in which he directed that his address of record be changed from the Erie County Prison to what appears to be a residential address. [ECF No. 9].

### B. Discussion

A federal habeas corpus action is the vehicle by which a state prisoner can challenge the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid. Its function is to secure release from illegal custody. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (noting that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); Keitel v. Mazurkiewicz, 729 F.3d 278, 280 (3d Cir. 2013) (habeas "empowers a federal court to grant a petitioner relief from unlawful state custody."). See also BRIAN R. MEANS, Federal Habeas Manual § 1:34, WestlawNext (database updated June 2015) ("Habeas is the 'exclusive remedy' for the prisoner who seeks 'immediate or speedier release' from confinement.") (quoting Skinner v. Switzer, 562 U.S. 521, 524 (2011), which quoted Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)).

---

[1] This Court may take judicial notice of the docket sheet for Luna's state criminal case at CP-25-CR-2004-2015. It is available to the public online at The Unified Judicial System of Pennsylvania Web Portal at https:///ujsportal.pacourts.us.

"For state prisoners, federal habeas corpus is substantially a *post-conviction* remedy." Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 1975) (citing Peyton v. Rowe, 391 U.S. 54, 50 (1967) and 28 U.S.C. § 2254). After a state prisoner has been convicted, sentenced, and has exhausted his remedies in the state courts, he may seek federal habeas relief pursuant to 28 U.S.C. § 2254, which is the federal habeas statute applicable to state prisoners "in custody pursuant to the *judgment* of a State court[.]" 28 U.S.C. § 2254(a). While § 2254 applies to post-trial situations, the more general habeas corpus statute of 28 U.S.C. § 2241 does provide federal courts with jurisdiction to issue a writ of habeas corpus before a state judgment is rendered, but only in very limited circumstances.

Section 2241 provides in relevant part: "The writ of habeas corpus shall not extend to a prisoner unless ... *[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]*" 28 U.S.C. § 2241(c)(3) (emphasis added). Thus, under this statute, a state criminal defendant has the mechanism in a federal habeas action to challenge the legality of his pre-trial confinement by arguing that he should not be in pre-trial custody in the first place because, for example: (1) his upcoming trial violates his rights under the Double Jeopardy Clause, see, e.g., United States v. Webb, 516 F.2d 1034 (3d Cir. 1975); or, (2) he is being deprived of his constitutional right to a speedy trial, see, e.g., Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 492-93 (1973); or, (3) the trial court has unconstitutionally denied or revoked bail, see, e.g., Atkins v. Michigan, 644 F.2d 543, 550 (6th Cir. 1981). The United States Court of Appeals for the Third Circuit has warned that jurisdiction over a state prisoner's § 2241 pre-trial petition "must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" Duran v. Thomas, 393 F.App'x 3 (3d Cir. 2010) (quoting Moore, 515 F.2d at 445-46).[2]

---

[2] If a state prisoner is raising a claim that is cognizable under § 2241, he still must first have exhausted his state court remedies before he can proceed in federal court. "The state court exhaustion requirement is mandated by statute under 28

Luna raised none of the above-cited types of claims in his amended petition. However, since he has been found not guilty and is no longer being held in custody for the charges at Criminal Docket Number CP-25-CR-2004-2015, the Court need not inquire into whether he was raising in his amended petition a claim that could proceed under § 2241. It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision*." Burkey, 556 F.3d at 147 (emphasis added) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990), which cited Allen v. Wright, 468 U.S. 737, 750-751 (1984) and Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-473 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." Id. (citing Lewis, 494 U.S. at 477-78). See also Keitel, 729 F.3d at 280. Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed

---

U.S.C. § 2254(b) and has developed through decisional law in applying principles of comity and federalism as to claims brought under 28 U.S.C. § 2241." Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986) (citing Braden, 410 U.S. at 490-91). See also Moore, 515 F.2d at 442; Federal Habeas Manual § 9C:1 and § 9C:2. The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999); Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005) ("Exhaustion addresses federalism and comity concerns by affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.") (internal citations and quotations omitted). The petitioner carries the burden of proving exhaustion of all available state remedies. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). In Moore, the Court of Appeals for the Third Circuit explained "that jurisdiction without exhaustion *should not be exercised at the pre-trial stage unless extraordinary circumstances are present*." 515 F.2d at 443 (emphasis added) (citations omitted).

4

as moot. Id. at 147-78. See also Keitel, 729 F.3d at 280 (because the petitioner had died, he was no longer "in custody" and, therefore, his habeas petition was rendered moot by his death).

Applying these precepts to this case, the Court must conclude that this case is moot. Because Luna has been released from custody for the charges at Criminal Docket Number CP-25-CR-2004-2015, the relief he sought in his amended petition is no longer of consequence to him; he no longer has the requisite "personal stake" in the outcome of the litigation. Spencer, 523 U.S. at 18 ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so."); Burkey, 556 F.3d at 147; Keitel, 729 F.3d at 280. Accordingly, there is no case or controversy for this Court to consider, and the amended petition must be dismissed as moot.

Luna also seeks in his amended petition damages of $1,000.00 a day for each day he had been incarcerated. That request for relief does not save his amended petition from being moot because money damages are not available in a habeas corpus action. See Preiser, 411 U.S. at 494 (explaining that "if a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release-the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); McKinney-Bey v. Hawk-Sawyer, 69 F.App'x 113 (4th Cir. 2003) (money damages are not available under 28 U.S.C. § 2241; an action for monetary damages is properly pursued by way of a civil rights action). See also Federal Habeas Manual § 13:4 ("it must be remembered that habeas corpus is not a compensatory remedy. 'The object is not to make whole someone who has suffered a loss; it is to determine whether a person is being confined in violation of basic norms of legality.'" (quoting Allen v. Duckworth, 6 F.3d 458, 460 (7th Cir. 1993)).

### C. **Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition filed by a state prisoner. As codified at 28 U.S.C. § 2253, it provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not find it debatable whether the amended petition should be dismissed. Accordingly, a certificate of appealability should be denied.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the amended petition for a writ of habeas corpus be dismissed as moot and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Luna is allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

April 7, 2016
/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge